IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | NO. 4:20CR 12<br>Judge Jordan |
| MATTHEW FOX | § | |

## INDICTMENT

The United States Grand Jury charges:

### Introduction

At all times material to this indictment:

1. Matthew Fox is an individual that resided in Frisco, Texas. He is the managing member of Wayne Energy LLC, located in Prosper, Texas, within the Eastern District of Texas.

2. The "Glover #1B" well (also known as the Lena Mae Glover #1 well) is an oil and gas well located on a tract of land in Upshur County, Texas, within the Eastern District of Texas.

### COUNTS ONE THORUGH SEVEN

Violation: 18 U.S.C. § 1343 (Wire Fraud)

3. Paragraphs One and Two of this indictment are realleged and incorporated by reference as though fully set forth herein.

4.     From on or about March 2, 2015, and continuing up to on or about October 7, 2016, in the Eastern District of Texas and elsewhere, Defendant **Matthew Fox**, devised and intended to devise, a scheme to defraud multiple investors in a venture to convert an oil well to a natural gas well that was known as the "Glover #1B venture", and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

5.     During the course of the scheme, **Fox** offered investors the opportunity to purchase interests in the Joint Venture Agreement of Glover #1B. The purpose of the joint venture was to convert the "Glover 1B" well from an oil producing well to a gas well. **Fox** made multiple misrepresentations to investors for the purpose of obtaining the money and property of those investors. **Fox**'s misrepresentations included the raising of capital for the venture, the actual work done on site at the well, the cost of converting the well, the ownership status of the well, and the production of a similar well.

6.     The misrepresentations to investors included misrepresentations about the amount of capital raised for the venture. **Fox** claimed the venture had been partially capitalized by the purchase of interests by the managing venturer (Wayne Energy). These statements were false. Neither Fox nor Wayne Energy purchased any interests in the project.

7.     **Fox** made misrepresentations to investors about the status of the project and the work completed on site. In various emails sent to investors, **Fox** highlighted work that he claimed had been completed when in reality very little work was actually done at the well. For instance, in July 2016, Fox claimed, via email, that work was almost finished on

the site, and was only days away from being put online. In reality, the well had not even been purchased and had not been transferred to Wayne Energy, LLC. None of the highlighted work items in various emails had been completed.

8. **Fox** made misrepresentations concerning the cost of converting the well from oil to gas for the venture. **Fox** represented to investors the total cost to rework and recomplete the oil well to a gas well was $2,500,000. The cost to rework the well was actually an estimated $400,000. The cost to purchase the well was $250,000.

9. **Fox** made misrepresentations concerning the ownership of the well. **Fox** claimed that Wayne Energy LLC was a licensed operator by the Texas Railroad Commission when in reality it was not. The license belonged to a previous company. At no time did Wayne Energy ever own the "Glover 1B" well. Wayne Energy never completed the purchase of the well nor obtained the correct operator status.

10. **Fox** made misrepresentations concerning the production of a similar well to the "Glover 1B" well as part of the scheme to induce investors. **Fox** claimed a "twin well" to the "Glover 1B" well was producing 690 MCF (1 MFC = 1,000 cubic feet) of gas per day which would likely rise to 3,000 MCF of gas per day. In reality, the production of that well was much lower, averaging 236 MCF per day.

15. On or about each of the dates set forth below, in the Eastern District of Texas, and elsewhere, **Matthew Fox** caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Contents |
|---|---|---|
| 1 | May 4, 2015 | $77,000.00 wire from investor to Chase bank account for Wayne Energy |
| 2 | June 22, 2015 | $25,000.00 wire from investor to Chase bank account for Wayne Energy |
| 3 | August 17, 2015 | $37,500.00 wire from investor to Chase bank account for Wayne Energy |
| 4 | March 16, 2016 | $49,975.00 wire from investor to Chase bank account for Wayne Energy |
| 5 | April 29, 2016 | $20,000.00 wire from investor to Chase bank account for Wayne Energy |
| 6 | June 6, 2016 | $5,000.00 wire from investor to Chase bank account for Wayne Energy |
| 7 | June 30, 2016 | $77,000.00 wire from investor to Chase bank account for Wayne Energy |

All in violation of Section 1343 of Title 18 of the United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Criminal Forfeiture Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461:

Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Counts One through Seven of this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following: $924,000.00 in United States Currency.

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____    1-8-20
WILLIAM R. TATUM                  Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | NO. 4:20CR 12 <br> Judge Jordan |
| MATTHEW FOX | § | |

## NOTICE OF PENALTY

### Counts One through Seven

Violation: 18 U.S.C. § 1343

Penalty: Imprisonment for a term of not more than 20 years, a fine not to exceed $250,000, or both; supervised release of not more than 3 years.

Special Assessment: $100.00 per count